UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAI D. BROWN,

    Plaintiff,

v.                                                     Case No. 3:22cv4840-MCR-HTC

POLK COUNTY SHERIFF OFFICE,

    Defendant.

_____/

REPORT AND RECOMMENDATION

Plaintiff Jai D. Brown has filed a *pro se* complaint seeking to bring a civil rights complaint against the Polk County Sheriff's Office based on an allegedly illegal detention at the Polk County Jail occurring sometime in 2021.[1] ECF Doc. 1. After an initial review of the complaint, the undersigned finds venue to be improper in this District and recommends this case be transferred to the Middle District of Florida, where the events at issue occurred.

---

[1] On the complaint form Plaintiff identifies his address as being in Denver, Colorado. ECF Doc. 1 at 2. However, a note appearing to be from a United States Postal Service employee attached to the outside of the envelope containing the complaint states that "the letter was sent from a homeless shelter and returned for additional postage but never claimed so I just sent them anyways after returned to me on 3-26-22" ECF Doc. 1 at 23-24. That note likely explains why Plaintiff signed the complaint form in November and included documents he signed in December, but the clerk did not receive the complaint until April 1, 2022.

In an "Affidavit of Truth" Plaintiff attaches to the complaint form, he alleges that, on September 29, 2021, he appeared in circuit court for Polk County and, after entering a plea agreement, made bond. ECF Doc. 1 at 10. Nevertheless, he was "ushered to a holding cell" at the courthouse and "later was hauled to Polk County booking" by the Polk County Sheriff's Office. *Id.* He claims he was "held against my rights and will by Polk County Sheriff's Officers" who "detained [Plaintiff] illegally at Bartow Jail Address 2390 Philips Rd 33830." *Id.*

For relief, he seeks "Injunctive Relief, Damages, Protective Order Granted", *id.* at 7 (spelling cleaned up), and "to prosecute defendants and or respondents." *Id.* at 10. Plaintiff also attached the Information in his criminal case, which shows that he was charged in CF19-010855 in the Tenth Judicial Circuit Court in and for Polk County, Florida, *id.* at 16, and a printout of his Inmate Profile online page, which shows he was detained by the Polk County Sheriff's Office.

Under 28 U.S.C. § 1391(b), venue is proper in a civil action in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) any judicial district in which any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

Plaintiff has filed this action in the Northern District of Florida, but has alleged no connection to this District whatsoever. Instead, the acts giving rise to his criminal charges, his criminal case, and his alleged illegal detention all took place Polk County, which is in the Middle District of Florida, Tampa Division. *See* https://www.flmd.uscourts.gov/divisions. Thus, under § 1391(b)(2) venue is proper in the Middle District and not this District. Also, because the only defendant is the Polk County Sheriff's Office, venue is also proper in the Middle District under § 1391(b)(1), and not in this District.

Pursuant to 28 U.S.C. § 1406, when a case is filed in the wrong district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Also, under § 1404(a), even were venue proper in this District, the Court may transfer the matter to a more convenient forum. Here, that forum is clearly the Middle District.

The decision to transfer is left to the "sound discretion of the district court and is reviewable only for an abuse of that discretion." *See e.g., Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns,* 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the court, provided that the court give notice to the parties.[2] *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). In

---

[2] Here, this report and recommendation will serve as notice to Plaintiff, and Plaintiff will be able to file objections prior to the case being transferred.

Case No. 3:22cv4840-MCR-HTC

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1988), *superseded by statute on other grounds as explained in American Dredging Co. v. Miller*, 510 U.S. 443, 449, n.2 (1994), the Supreme Court set forth certain factors that the courts should consider in determining whether a transfer under § 1404(a) is appropriate. Those factors include: (1) relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling; and (3) the cost of obtaining attendance of willing, witnesses. *See id.* Those factors, as applied here, weigh in favor of a transfer to the Middle District.

As stated above, the Middle District is where Plaintiff was charged and allegedly illegally detained. As such, the Middle District is where the witnesses and pertinent records will be located. *See* 28 U.S.C. § 1404(a). Even the Plaintiff is not present in this District, as he identifies himself as a resident of Colorado. Thus, rather than recommend this case be dismissed, given Plaintiff's *pro se* status, the undersigned recommends the matter be transferred to the Middle District of Florida.

Accordingly, it is respectfully RECOMMENDED that:

1. The clerk be directed to TRANSFER this case to the United States District Court for the Middle District of Florida.

2. The clerk be directed to close this file in the Northern District.

At Pensacola, Florida, this 6th day of April 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv4840-MCR-HTC